UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HARVEY, | ) | CASE NO. 1:12-cv-3037 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER AND DECISION** |
| SAMUEL TAMBI, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on Petitioner David Harvey's objections to the Magistrate Judge's Report and Recommendation ("R & R"). Doc. 35. Respondent Samuel Tambi, Warden, filed a response to Harvey's objections on May 30, 2014. Doc. 36. For the following reasons, Harvey's objections are OVERRULED, and the Court ADOPTS the Magistrate Judge's Report and Recommendation. Doc. 34.

The R & R adequately states the factual and procedural background of this case. Harvey has demonstrated no error in that background, so the Court will not reiterate those sections herein.

## I.    STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation, a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II.    LAW AND ANALYSIS

The *Antiterrorism and Effective Death Penalty Act of 1996* (AEDPA) governs this

Court's review of the instant case.  *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997).  The

relevant portion of the habeas statute provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable
>> application of, clearly established Federal law, as determined by the
>> Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination
>> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).  However, if a claim has not been adjudicated on the merits in a

state court proceeding, "and has not been procedurally defaulted, we look at the claim de novo

rather than through the deferential lens of AEDPA."  *Hill v. Mitchell*, 400 F.3d 308, 313 (6th Cir.

2005).

### A.  GROUND ONE:  Harvey objects to the state court findings of competency.

#### 1.  The Court overrules Harvey's objection and finds that the Magistrate Judge properly concluded that Harvey failed to rebut the state court's factual findings of competency by clear and convincing evidence.

Harvey argues that the Magistrate Judge improperly concluded that he had failed to rebut

the state court's factual findings by clear and convincing evidence.  Doc. 35 at 4.  Specifically,

Harvey argues that he was incompetent to assist in his defense due to his physical condition of

aphasia; and as such, the state court should have found him incompetent and refused to accept

his plea of no contest.  Further, Harvey argues that the Magistrate Judge relied on insufficient

2

evidence to uphold the state court's determination. For the following reasons, this objection is without merit.

The AEDPA dictates that a federal habeas petitioner may challenge "the factual basis for a prior state-court decision rejecting a claim," and "the federal court may overturn the state court's decision **only if** it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 134 S.Ct. 10, 15 (2013) (quoting 28 U.S.C. § 2254(d)(1)) (emphasis added). After making such a challenge, the petitioner has the burden to prove "by clear and convincing evidence" that the state court's findings were incorrect. 28 U.S.C. § 2254(e)(1). The "AEDPA requires 'a state prisoner to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error … beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786-87 (2011)).

A state-court determination of competence is a factual finding, to which deference must be paid. *Thompson v. Keohane*, 516 U.S. 99, 108-11, 116 S.Ct. 457 (1995). "[R]egardless of whether we would reach a different conclusion were we reviewing the case de novo, the findings of the state court must be upheld unless there is clear and convincing evidence to the contrary." *Clear v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001) (applying 28 U.S.C. §2254(e)(1)); *see also Wood v. Allen*, 558 U.S. 290, 130 S.Ct. 841, 849 (2010) (under 28 U.S.C. §2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance"). This deference must be paid even to state-court factual findings made on appeal. *See Rushen v. Spain*, 464 U.S. 114, 120, 104 S.Ct. 453 (1983). "Further, the Supreme Court has very recently made abundantly clear that the review granted by AEDPA is even more constricted than AEDPA's plain language already

suggest." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012). "[S]o long as fairminded jurists could disagree on the correctness of the state court's decision, "relief is precluded under the AEDPA. *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 786 (2011) (internal quotation marks omitted); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447-48 (6th Cir. 2012).

In this case, Harvey's objections are a repetition of the underlying arguments to the state court. He does not argue that the state court failed to use the correct legal standard at the competency hearing. Instead, Harvey simply disagrees with the state court's reliance on lay testimony over competing expert testimony. While Harvey may disagree with this finding, he points to no statute or case law that creates a constitutional bar to allowing lay evidence to weigh more heavily than expert testimony.

To the contrary, federal courts have repeatedly held that a trial court's reliance on lay testimony over expert evidence is not clearly arbitrary or unwarranted. *See e.g. U.S. v. Makris*, 535 F.2d 899 (5th Cir. 1976) (upholding competency determination where trial judge credited subjective evaluations and testimony over testimony by doctor who performed objective tests); *U.S. v. Birdsell,* 775 F.2d 645 (5th Cir. 1985) (affirming finding of competency based in part on trial court's reliance on "the observations of those witnesses in long-term daily contact with the patient rather than conclusions based on a relatively brief period of examination"); *U.S. v. Clark*, 53 F.3d 1281 (5th Cir. 1995); *Bundy v. Dugger,* 675 F.Supp. 622, 634 (M.D. Fla. 1987) (citing *United States v. Mota,* 598 F.2d 995, 998-1000 (5th Cir. 1979)) ("[T]he court may rely on, in addition to expert testimony, lay witness testimony concerning the [defendant's] rational behavior, and cross examination of [defendant's] expert.").

Despite this established case law, Harvey attempts to argue that the Sixth Circuit Court of Appeals has prohibited state courts from relying on lay witness testimony on the issue competency, citing *U.S. v. Smith*, 437 F.2d 538 (6th Cir. 1970).  However, Harvey misrepresents and misapplies the holding in *Smith*.

The *Smith* court confronted the issue of whether the trial court properly admitted and considered lay witness testimony on the <u>defense of insanity</u>.  It did not analyze the issue of competence to stand trial.  The Sixth Circuit recognized the "…established rule that lay testimony may, at least under some circumstances, serve to create an issue of fact for the jury as to a defendant's criminal responsibility" when resolving the defense of insanity.  *Id*. at 540.  The court ultimately determined that lay opinion testimony on issues of insanity is probative if the witness observed the defendant's actions over a prolonged period of intimate contact.  *Id*. at 541, (quoting *Carter v. United States*, 102 U.S. App.D.C. 227, 252 F.2d 608, 618 (1957)) ("'Also obvious upon a moment's reflection is the fact that, while a lay witness's observation of abnormal acts by an accused may be of great value as evidence, a statement that the witness never observed an abnormal act on the part of the accused is of value if, but only if, the witness had prolonged and intimate contact with the accused.'").

Here, the issue is not insanity; and therefore, *Smith* is not applicable.  However, even if this Court were to analyze the issue of competency through the *Smith* lens, the lay testimony in this case involved sufficient contact and intimacy to be reliable.  For example, Harvey's pretrial supervision officer, made extensive visits to Harvey's home where the officer had personal and continuous contact with Harvey.  Harvey also appeared every Monday for his probation appointments. The state court heard evidence including, Harvey's ability to drive himself to medical appointments, care for his disabled wife, dispense medication, grocery shop, pay

expenses, prepare meals, do chores around the house, and fill out legal paperwork.  The trial court also observed Harvey interact with his own attorneys and request assistance when needed.

Finally,  Harvey made appropriate responses to the trial court during the plea colloquy. While Harvey admittedly has a more limited vocabulary following his stroke, he was able to communicate his thoughts, ideas, and needs, and then to consider his options and make choices. *See State v. Stanley*, 121 Ohio App.3d 673, 694, 700 N.E.2d 881(1997) (trial court may consider an expert's credentials when determining the expert's credibility; but the court may also rely upon its own observations of the defendant, provided that the trial court has other competent credible evidence upon which to rely).

The trial court was permitted to rely on lay testimony in conflict with expert evidence. Harvey cites no law to the contrary, but rather re-states his argument before the state appellate court and the Magistrate Judge.  Furthermore, the state court did not unreasonably determine that Harvey was able to assist in his own defense.  Harvey has not presented clear and convincing evidence that the state court erred in determining competence.  As such, this Court must defer to the state court.  Harvey's objection is OVERRULED.

**2.  The Court overrules Harvey's objection that the state court made an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1).**

Harvey argues that the Magistrate Judge erred in finding that the state court competency decision did not involve an unreasonable application of clearly-established federal law pursuant to 28 U.S.C. § 2254(d)(1).  Doc. 35 at 12.  However, Harvey points to no Supreme Court case that was decided differently on a question of law or on a set of materially indistinguishable facts.

6

Harvey's objection merely reproduces the argument from his habeas petition.  As such, Harvey's objection is OVERRULED.

"In order for a federal court to find a state court's application of [the U.S. Supreme Court's] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. [. . .] The state court's application must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (citing *Lockyear v. Andrade*, 538 U.S. 63, 75 (2003); *Williams v. Taylor*, 529 U.S. 362, 409 (2000)).  Moreover, the Sixth Circuit has added:

> [A] decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'

*Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011).

Here, Harvey points to no clearly established federal law that contravenes the Magistrate Judge's decision.  Instead, he cites generally to four Supreme Court decisions.  Although Harvey does not specifically argue how the cases relate to his objections, the Court has reviewed each case cited and finds that they are irrelevant to Harvey's objections and certainly do not set forth an opposite question of law or materially indistinguishable fact from the Magistrate Judge's R&R.

Harvey first cites *Drope v. Missouri*, 420 U.S. 162, 172 (1975).  In *Drope,* the defendant was arrested for forcible rape of his wife, and he attempted suicide during his trial.  Defense counsel complained to the court that he was unable to adequately present a defense when the defendant himself was not present at trial (due to his hospitalization following the suicide attempt). The trial court proceeded without the defendant.

The Supreme Court later held that the issue of defendant's competence was sufficiently before the court that the trial court should have made further inquiry and required defendant to be

examined in order to determine whether he was competent to assist in his defense and understood the nature and object of the proceedings. *Id.*

Here, Harvey does not argue that the trial court should have made additional inquiry into his competence. Instead, he argues that the court should have come to a different conclusion given the testimony at the competence hearing. Since the trial court made sufficient inquiry into Harvey's competence and there is no suggestion that the facts in this case are indistinguishable from *Drope*, Harvey cannot demonstrate that the state court failed to apply clearly-established law.

Next, Harvey cites generally to the case of *Pate v. Robinson*, 383 U.S. 375, 385-86 (1966). In *Pate*, the defendant was convicted of murdering his commonlaw wife. During the proceedings, defense counsel repeatedly raised the issue of competence to stand trial. The Supreme Court later held that the trial judge was required to hold a competence hearing, although counsel did not request one. *Id.*

In this case, it is undisputed that Harvey received a competence hearing. Therefore, *Pate* is factually distinguishable and does not support Harvey's argument that the state court violated clearly-established law.

Harvey then cites generally *Dusky v. United States*, 362 U.S. 402, 402 (1960). In *Dusky*, the defendant was convicted of transporting a kidnapped girl across state lines. In its two-paragraph, per curiam decision, the Supreme Court sets forth the test for competence, i.e., that the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Id.* The Supreme Court held that the record was ambiguous and

remanded the case for a new hearing to ascertain the defendant's present competency to stand trial. *Id.*

Here, Harvey does not argue that the record is ambiguous or that an additional hearing is necessary. Harvey simply does not like the outcome of the hearing he received and argues that the trial and appellate courts should have found him to be incompetent. Again, *Dusky* does not establish that the state court violated clearly-established law.

Finally, Harvey cites generally to *Medina v. California*, 505 U.S. 437, 449 (1992). In *Medina*, the defendant was convicted on three counts of first degree murder. The Supreme Court held that the statute providing that a defendant was presumed competent to stand trial did not violate due process and therefore, the party asserting incompetence has the burden of overcoming this presumption.

In this case, Harvey does not argue that the trial court applied the wrong legal standard to the facts and testimony in this case. Harvey objects to the state court's finding after applying the correct standard. "A state-court determination of competence is a factual finding, to which deference must be paid." *Thompson v. Keohane*, 516 U.S. 99, 108-11 (1995). "[R]egardless of whether we would reach a different conclusion were we reviewing the case *de novo*, the findings of the state court must be upheld unless there is clear and convincing evidence to the contrary." *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001).

Harvey cannot demonstrate a violation of clearly-established law, and this Court must give deference to the state court's factual determination of competence. As such, Harvey's objection is OVERRULED.

**B. GROUND TWO:  Harvey objects to the Magistrate Judge's finding that he did not establish ineffective assistance of counsel and resulting prejudice.**

Harvey objects to the Magistrate Judge's conclusion that he was not prejudiced by appellate counsel's failure to raise certain claims on direct appeal.  The Magistrate Judge did not determine whether appellate counsel was deficient.  Instead, the Magistrate Judge determined that "[e]ven assuming Harvey's appellate counsel failed to review the complete record or consult with Harvey prior to filing the direct appeal, and assuming further that such failures would constitute deficient performance under the first prong of *Strickland,* the Court finds Harvey has failed to demonstrate prejudice."  Doc. 34 at 53.

"A general objection, or one that merely restates the arguments previously presented are not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Block*, 327 F.Supp.2d 743, 747 (E.D. Mich., 2004).

After restating the entire argument from his original claim for relief, Harvey objects:

> … to the Magistrate Judge's conclusion that Harvey did not show prejudice from appellate counsel's failure to raise the additional constitutional claims regarding jury waiver.  As the prejudice prong of Ground Two rests on the Magistrate Judge's determinations as to the merits of Ground Three, Harvey's objections to Ground Three are set forth below and incorporated herein.  Harvey is warranted habeas relief as Harvey sufficiently demonstrated prejudice resulting from ineffective assistance of counsel.

Doc. 35 at 14-15.  Harvey does not show that, or how, the alleged prejudice affected his appeal.  Therefore, Harvey's objection is without merit and is thus OVERRULED.

**C. GROUND THREE: Harvey objects to the Magistrate Judge's finding that appellate counsel was not ineffective for failure to challenge the jury waiver.**

In Harvey's final, two-part objection, he argues that appellate counsel was ineffective by failing to challenge his jury waiver and that he sufficiently proved prejudiced by this failure. Doc. 35 at 15. For the following reasons, Harvey's objection is without merit.

In order to establish ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient and that this deficient performance caused prejudice to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct 2052 (1984). To demonstrate that counsel's performance was deficient, a petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the [petitioner] by the Sixth Amendment." *Id.* In order to demonstrate that this deficient performance caused prejudice to the petitioner, he must show that the counsel's errors were so serious that the petitioner was deprived of a fair trial. *Id.* Essentially, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

However, a petitioner's disagreements with the strategies or tactics of counsel are not enough to establish a claim for ineffective assistance of counsel. *Id.* at 689. There is a presumption that counsel's conduct was due to strategy. *Id.* Accordingly, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Supreme Court decisions do not suggest that a petitioner "has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 750-54, 103 S.Ct 3308 (1983). Even if the claims that counsel does not pursue are nonfrivolous, the required showing of prejudice cannot be made

if the claims lack merit. *Burton v. Renico*, 391 F.3d 764, 774 (6th Cir. 2005). The failure of appellate counsel "to raise an issue on appeal is ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Howard v. Bourchard*, 405 F.3d 459, 485 (6th Cir. 2005) (citing *Greer v. Mitchell*, 264 F.3d 663 (6th Cir. 2001)).

Habeas courts must bear in mind that "[s]urmounting *Strickland*'s high bar is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 788 (2011) (citations and internal quotation marks omitted). "Judicial scrutiny of a counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight…." *Strickland*, 466 U.S. at 689. "*Strickland* specifically commands that a court 'must indulge [the] strong presumption' that counsel 'made all significant decisions in the exercise of reasonable professional judgment,'" recognizing "the constitutionally protected independence of counsel and…the wide latitude counsel must have in making tactical decisions." *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1406 (2011) ("'[T]here is a strong presumption that [counsel took certain actions] for tactical reasons rather than through sheer neglect.'").

The Magistrate Judge reviewed the issue of ineffective assistance of counsel *de novo* and found that: 1) it could not say appellate counsel's failure to challenge the knowing and voluntary character of Harvey's jury trial waiver fell below an objective standard of reasonableness;" and 2) "Harvey has not demonstrated prejudice from appellate counsel's failure to raise this issue." This Court finds the Magistrate Judge to be correct.

### 1.     Appellate counsel's failure to challenge Harvey's jury waiver on appeal.

Harvey objects to the Magistrate Judge's finding that "it is just as possible" that appellate counsel reviewed the plea transcript and determined it was not necessary to raise the issue of knowing and voluntary jury waiver on direct appeal.  However, even assuming that appellate counsel did not review the plea transcript, this Court has already determined that the state court did not err in finding Harvey competent.  Therefore, Harvey cannot sustain an argument that he did not knowingly and voluntarily waive his right to a jury.  Therefore, Harvey cannot demonstrate a reasonable probability that inclusion of this issue would have changed the result of the appeal.  As such, Harvey's objection is OVERRULED.

### 2.   Prejudice as a result of appellate counsel's failure to challenge his jury waiver.

Harvey objects to the Magistrate Judge's finding that he was not prejudiced by appellate counsel's failure to raise the issue of jury waiver on direct appeal.  First, Harvey never argues that he would have entered a not guilty plea and proceeded to trial.  Instead, Harvey uses the issue of jury waiver to re-litigate the issue of competence.  Because Harvey does not argue that he would have pled differently, even if appellate counsel had raised the issue of jury waiver on direct appeal, Harvey cannot demonstrate that the outcome would have been different.  As such, Harvey fails to demonstrate prejudice, and his objections are OVERRULED.

## III.     CONCLUSION

For the reasons set forth herein, the Court finds no merit to Harvey's objections.  Therefore, Harvey's objections are OVERRULED.  The Court ADOPTS Magistrate Judge White's R & R.  Doc. 34.  The Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.   *See* 28 U.S.C. § 2253(c)(1)(A);  Fed. R. App. P. 22(b).

IT IS SO ORDERED.


DATE: August 26, 2015                                    */s/ John R. Adams*_____
                                                            Judge John R. Adams
                                                            UNITED STATES DISTRICT COURT